# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

REO PROPERTIES CORP.,

Plaintiff(s),

v.

PILAR PAGAN GARCIA,

Defendant(s).

Civil No. 10-1952 (DRD)

Foreclosure of Mortgage (In Rem)
Collection of Monies

## DEFAULT JUDGMENT

On October 4, 2010, plaintiff Reo Properties Corp. filed the instant *Complaint* against Pilar Pagán García for collection of moneys and foreclosure of mortgage.  On November 20, 2010, the Clerk entered the default against the defendant, Docket No. 6.  On December 6, 2010, plaintiff filed a *Motion For Judgment,* Docket No. 7, for the entry of the default judgment under Rule 55 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.").  The Court docket shows that, as of this date, the defendant has failed to appear or file an answer to the *Complaint*, or otherwise appear in the instant case, hence, the plaintiff is entitled to a default judgment.   In view of the foregoing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1.     The mortgage constituted by defendant Pilar Pagán García by Deed Number 137, before Notary Public Danny Rosello Rentas, at San Juan, Puerto Rico, on February 20, 2004, securing a mortgage note payable to the order of Sana Investment Mortgage Bankers, Inc., further negotiated or endorsed to the order of plaintiff, is a valid and subsiding mortgage and constitutes a lien prior to

the estate or interest of defendant in the above cause, on the mortgaged premises, as described in paragraph eight of the *Complaint*, to wit:

**—URBANA:  Solar radicado con el número 80 del Bloque "EL"del plano de inscripción de la Segunda Extensión, de la Urbanización Country Club situada en el barrio Sabana Llana de Río Piedras, con una cabida superficial de 300.15 metros cuadrados, colinda por el Noroeste, en 13.05 metros con los solares 60 y 61; por el Sureste, en 13.05 metros con la Calle 121; por el Este, en 23.00 metros con el solar 69; y por el Oeste, en 23.00 metros con el solar 81.  Enclava una casa.**

**---Inscrita al Folio 100 del Tomo 174 de Sabana Llana, Registro de la Propiedad de Puerto Rico, Sección Quinta de San Juan, Finca 7,756.**

2.      Defendant, as debtor under said note and as present owner of the land and buildings hereinbefore referred to, is hereby ordered and adjudged to pay to plaintiff the sum of $88,030.93 for principal of the said mortgage note, plus interest at the rate of 7% per year, which at the date of October 29, 2010, amounted to the sum of $3,802.01, to its total and complete payment, plus $292.29 in late charges due, plus costs, charges, disbursements and attorneys' fees in the amount of $9,236.60, in the instant case, plus all the expenses and advances made by the plaintiff.

3.      In default of the payment of the sums herein before specified or of any part thereof, within the next ten days from the date of entry of this judgment, the mortgaged property described herein above in paragraph number one, shall be sold at a public auction to the highest bidder therefore, without an appraisal or right of redemption for the payment and satisfaction of plaintiff's mortgage within the limits secured thereby.

4.      The Special Master Reinaldo Cestero is hereby designated and appointed to make the sale hereinbefore mentioned but said Special Master shall not proceed to carry out said sale, nor do anything in connection therewith, until further order of the Court, and under the term and conditions to be directed by the Court.

5.      The sale to be executed by the Special Master appointed herein shall be subject to the confirmation of this Court, and the purchaser or purchasers thereof shall be entitled to receive possession of the property sold.  The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to in this auction is $92,365.92.

6.      Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

a.      To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master appointed herein, after said compensation and expenses shall have been fixed and approved by this Court, all said expenses to be deducted from the sum of $92,365.92, provided in the deed of mortgage for costs, charges and disbursements, expenses and attorneys' fees.

b.      To the payment of all expenses and advances made by the plaintiff for an amount not to exceed $92,365.92.

3

    c.      To the payment of that part of the indebtedness owed to plaintiff up to the amount of $88,030.93 for the principal amount owed plus interests thereon from May 1, 2010 until the date of full payment at the rate of 7% per annum, plus costs, charges, disbursements, expenses and attorneys' fees due in the above cause after deduction of the expenses mentioned in the preceding subparagraph (a).

    d.      If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

7.     Plaintiff herein may file for any further relief with this Court in accordance with the terms of this judgment.

IT IS SO ORDERED, ADJUDGED AND DECREED.

In San Juan, Puerto Rico, this 13th day of April, 2011.

> s/Daniel R. Domínguez
> DANIEL R. DOMINGUEZ
> United States District Judge